UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN M. RUHL,

    Plaintiff,

    v.

WAL-MART CORPORATION,

    Defendant.

Case No. C10-5065 BHS

ORDER DENYING MOTION
FOR DEFAULT AND DIRECTING
NONPARTY TO CEASE REPRE-
SENTATION OF PLAINTIFF

    This matter comes before the Court on Plaintiff Steven M. Ruhl's ("Ruhl") motion for default judgment against Defendant Wal-Mart Corporation ("Wal-Mart"). Dkt. 18. The Court, having reviewed the motion, response, reply, and the record herein, is fully informed and DENIES the motion for default. The Court further orders that the nonparty, Suzanne Carey, immediately cease her representation of Ruhl.

## I. INTRODUCTION AND BACKGROUND

    On February 8, 2010, this Court granted Ruhl's application to proceed *in forma pauperis* in this litigation, but denied his request for appointment of counsel. Dkt. 3.

    On March 3, 2010, the Court entered an order directing service on Wal-Mart by the U.S. Marshal Service. Dkt. 7. See Fed. R. Civ. P. 4(c)(3). That order provided that defendant shall have thirty (30) days within which to return the enclosed Waiver of Service

ORDER - 1

1  of Summons. Each defendant who timely returns the signed Waiver shall have sixty (60)

2  days after the date designated on the Notice of Lawsuit to file and serve an answer.  See Fed.

3  R. Civ. P. 4(d).

4      On March 15, 2010, Wal-Mart filed a Waiver of Service of Summons.  Dkt. 8.  On

5  April 30, 2010, Wal-Mart filed its Answer to Complaint.  Dkt. 15.

6      On May 5, 2010, a motion for default was filed on behalf of Ruhl.  This motion was

7  signed and submitted by a nonparty, Suzanne Carey, investigator.  Wal-Mart filed a response

8  indicating that it had timely filed its answer and thus, default was inappropriate.  Defendant

9  further urged the Court to strike the motion as it was not filed or signed by Mr. Ruhl.

10  Defendant also requested the imposition of sanctions against Plaintiff for filing an improper

11  and frivolous motion.  Nonparty Suzanne Carey filed a reply in support of the motion for

12  default, stating that she need not be a member of the bar of this Court, or any state bar, in

13  order to submit documents on behalf of Ruhl.  Again, this pleading was not signed by Ruhl.

14  **II.  STANDARDS FOR DEFAULT JUDGMENT**

15      A default occurs when a defendant has failed to plead or otherwise respond to the

16  complaint within the time required by the federal rules.  An entry of default is what the clerk

17  enters when the default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a).

18      Here, the Court entered an order on March 3, 2010, directing service on Wal-Mart by

19  the U.S. Marshal Service.  This order provided that Wal-Mart had thirty days within which

20  to return the enclosed Waiver of Service of Summons.  Wal-Mart filed the Waiver of

21  Service on March 15, 2010, well within the thirty-day time period.  The order directing

22  service further provided that where a timely Waiver is filed, the Defendant shall have sixty

23  days after the date designated on the Notice of Lawsuit to file and serve an answer.  Wal-

24  Mart filed and served its answer on March 15, 2010, well within the sixty-day time period.

25

26  ORDER - 2

1   Wal-Mart, having responded to the complaint by timely filing its answer, is not

2   subject to default.  Plaintiff's motion is frivolous and without merit.

3   ### III.  IMPROPER REPRESENTATION

4   Pursuant to 28 U.S.C. § 1915(a), the Court granted Ruhl's application to proceed *in*

5   *forma pauperis* in this litigation.  The causes of action in which civil litigants may proceed

6   without counsel are limited by statute.  More specifically, 28 U.S.C. § 1654 provides that in

7   federal court, "parties may plead and conduct their own cases personally or by counsel as,

8   by the rules of such courts, respectively, are permitted to manage and conduct causes

9   therein."  It is well established that the privilege to represent oneself pro se provided by 28

10  U.S.C. § 1654 is personal to the litigant and does not extend to other parties or entities.

11  *Simon v. Hartford Life and Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008).  Pro se

12  litigants have no authority to represent anyone other than themselves; therefore, they lack

13  the representative capacity to file motions and other documents on behalf of others.  *See*

14  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (A non-lawyer has no

15  authority to appear as an attorney for others than himself.); *Equity Trust v. United States*,

16  818 F.2d 696, 697 (9th Cir. 1987) (Although a non-attorney may appear *in propria persona*

17  in his own behalf, that privilege is personal to him.).

18  Signing and filing documents on behalf of another is the practice of law.  Suzanne

19  Carey is not a member of the Bar of this Court.  She may not file legal documents on behalf

20  of anyone other than herself and she is not a party to this action.  28 U.S.C. § 1654.  This

21  fact is conclusive.

22  Moreover, Fed. R. Civ. P. 11(a) provides, in relevant part, that "[e]very pleading . . .

23  must be signed by at least one attorney of record in the attorney's name – or by a party

24  personally if the party is unrepresented."  Here, the motion for default and the reply in

25  support thereof were not signed by Ruhl, but by the nonparty, Suzanne Carey.  Although the

26  ORDER - 3

Court would ordinarily provide Ruhl with the opportunity to correct this omission, the unsigned pleadings at issue are meritless and thus the signature of Ruhl on the pleadings would be fruitless.

Ms. Carey is not an attorney licensed to practice law in this Court.  She cannot file actions, sign pleadings for, or act on behalf of Ruhl, and is prohibited from representing him.

### IV.  SANCTIONS

Wal-Mart requests that it be awarded terms as a sanction for having to respond to this frivolous motion filed on behalf of Ruhl by a nonparty.  The Court is disinclined to award terms at this time.  However, Ruhl is hereby warned, as is Suzanne Carey, that further disregard of the federal rules through the filing of frivolous motions and/or the unauthorized practice of law by Ms. Carey will result in the imposition of monetary sanctions and/or the dismissal of this action.

### V.  ORDER

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Default (Dkt. 18) is **DENIED.  IT IS FURTHER ORDERED** that Suzanne Carey shall immediately and forthwith cease the unauthorized and improper representation of Ruhl.

DATED this 25th day of May, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4