UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN M. RUHL,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART CORPORATION,<br><br>    Defendant. | Case No. C10-5065 BHS<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR DEFAULT |

This matter comes before the Court on Plaintiff Steven M. Ruhl's ("Ruhl") second motion for default judgment against Defendant Wal-Mart Corporation ("Wal-Mart"). Dkt. 25. The Court, having reviewed the motion, response, and the record herein, is fully informed and DENIES the motion for default.

## I. INTRODUCTION AND BACKGROUND

On May 25, 2010, this Court denied Ruhl's motion for default. Dk 25. Ruhl has renewed his motion, asserting as before, that Wal-Mart failed to timely file its answer to the complaint. Wal-Mart has responded citing to the docket entries that demonstrate the answer was timely filed (*see* Dkts. 8 and 15), and request sanctions against Ruhl for having to respond to a frivolous motion.

## II. STANDARDS FOR DEFAULT AND SUCCESSIVE MOTION

A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the federal rules. An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a).

ORDER - 1

The Court has ruled that the answer was timely and denied default. Dkt 24. The second motion for default is in the nature of a motion for reconsideration.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.

Ruhl has not made the requisite showing as to either of the grounds for reconsideration under CR 7(h)(1). There is no legal error in the Court's prior ruling, nor has Ruhl established new facts that could not have been presented in the prior motion. Ruhl's assertion that the filing date of the waiver of service of summons was altered is without any basis. Ruhl's motion is both frivolous and without merit.

## III.  SANCTIONS

Wal-Mart requests that it be awarded terms as a sanction for having to respond to a motion that was previously found frivolous and denied. Although the Court is inclined to award terms, due to Ruhl's *in forma pauperis* status, the Court will not sanction him at this time. Ruhl is provided a second warning that further disregard of this Court's orders and the federal rules will likely result in the imposition of monetary sanctions and/or the dismissal of this action.

## IV.  ORDER

Accordingly, **IT IS ORDERED** that Ruhl's second motion for default (Dkt. 25) is **DENIED.**

DATED this 29th day of June, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2